IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

J. MICHAEL FOGUS,

          Plaintiff,

v.                                     CIVIL ACTION NO.  5:13-cv-22061

SOUTHERN STATES COOPERATIVE,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *Complaint* (Document 1, Ex. A, att'd to Def.'s Not. of Removal), *Southern States Cooperative Incorporated's Motion to Dismiss* (Document 4), the Plaintiff's Response (Document 6), the Defendant's Reply (Document 8), and supporting memoranda.  The Plaintiff alleges that his 2009 corn crop failed due to spraying by the Defendant that "was either improperly conducted or inferior/incorrect or defective products were used." (Compl. ¶ 8–9.)  The Defendant moves to dismiss, arguing that the Plaintiff's claim rests in tort, rather than contract, and is thus barred by the two-year statute of limitations for tort claims. (Def.'s Mot. ¶ 3.)  After careful consideration, the Court finds that the Plaintiff's claim rests in contract, not tort, and he has alleged facts sufficient to state a claim for breach of contract.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Plaintiff, J. Michael Fogus, filed this action in the Circuit Court of Greenbrier County, West Virginia, July 22, 2013.  The Defendant, Southern States Cooperative (Southern States), removed the case to federal court on August 20, 2013, and filed a motion to dismiss on August 26,

2013. Mr. Fogus filed his response on September 20, 2013,[1] and Southern States filed its reply on September 26, 2013.

Mr. Fogus, a dairy farmer in Greenbrier County, West Virginia, alleges that he entered into a contract with Southern States in the Spring of 2009 for insecticide spraying services of his corn crops, which provided feed for his dairy herd. (Compl. ¶¶ 1, 3, 6.) Mr. Fogus contends that "the spraying by Defendant was either improperly conducted or inferior/incorrect or defective products were used by Defendants and/or its agents when conducting the spraying" and as a result, his 2009 corn crop failed. (Compl. ¶¶ 8–9.) He alleges damages of $107,500. Southern States argues that "[c]auses of action for property damage are tort claims," and moves to dismiss based on the two-year statute of limitations for tort claims in West Virginia. (Def.'s Mot. ¶ 3.) On November 22, 2013, the Court issued an order requiring the parties to produce the written contract regarding the transaction at issue. (Order, Document 12.) Thereupon, Mr. Fogus responded with a statement that, due to a miscommunication between the Plaintiff and his counsel, the Plaintiff had alleged a written contract, when in fact there was "an oral implied contract." (Pl's Resp. to Order, Document 14.) In their response to the November 22, 2013 Order, Southern States supplied a copy of an invoice for the transaction at issue. (Def.'s Resp. to Order, Ex. A, Document 13.)

## II.  JURISDICTION

This action was removed to federal court by Southern States pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. Although the Plaintiff has not challenged removal, this Court must satisfy itself that it possesses subject matter jurisdiction. *Brickwood Contrs., Inc. v. Datanet Eng'g, Inc.,* 369 F.3d 385, 390 (4th Cir.2004) ("questions of subject-matter jurisdiction may be

---

[1] The Court notes that Mr. Fogus' response was not timely filed in this matter, though the Defendant did not object.

raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court.")

Federal courts possess original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332 "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." 28 U.S.C. 1332 (a). It is well established that, with the exception of certain class actions, "Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mt. St. Carbon, LLC,* 636 F.3d 101, 103 (4th Cir.2011). If a corporation is a party, it "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." § 1332(c)(1). The amount in controversy in this case is alleged to be at least $107,500, satisfying the amount in controversy requirement. (Compl. ¶ 9.) The corporate defendant is incorporated in Virginia and has its principal place of business in Virginia, and is thus considered a Virginia citizen. (Def.'s Notice of Removal, ¶ 8, Document 1.) The Plaintiff is a West Virginia citizen, satisfying the complete diversity of citizenship requirement.

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Mr. Fogus brought this case in the Circuit Court of Greenbrier County, West Virginia, which is within the Southern District of West Virginia, and Southern States properly removed it. Thus, jurisdiction is proper in this Court because, as

detailed above, diversity jurisdiction is present and the Plaintiff could have originally filed suit here.

### III. STANDARD OF REVIEW

Southern States moves for dismissal based on a statute of limitations defense, alleging that the Plaintiff's complaint is properly considered under a tort, rather than a contract, theory. This action would be barred by the statute of limitations if construed as a tort claim, and so the ultimate question for the Court's consideration is whether the Plaintiff has alleged facts sufficient to support a contract claim. The Court will consider the motion pursuant to Federal Rule of Civil Procedure 12(b)(6), which tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) ... and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)" (*Id*.)

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Furthermore, allegations "must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

4

Moreover, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557).

The Court must "accept as true all of the factual allegations contained in the complaint," *Erikson v. Pardus*, 551 U.S. 89, 93 (2007), and "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir.1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the Court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice… [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly,* 550 U.S. at 570). In the complaint, a plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

In addressing a motion to dismiss, a court may consider a plaintiff's factual allegations made in the complaint, any exhibits attached thereto, documents attached to the motion to dismiss that are authentic and integral to the complaint, and any matters of public record of which the court may take judicial notice. *Lee v. City of S. Charleston*, 2009 WL 2602378 *2 (S.D. W. Va. Aug. 21, 2009) (citing *Blankenship v. Manchin,* 471 F.3d 523, 526 n. 1 (4th Cir. 2006) (matters attached to motion to dismiss that are authentic and integral); *Hall v. Virginia,* 385 F.3d 421, 424 (4th Cir. 2004) (public records); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §1364.)

### *IV.    DISCUSSION*

The sole issue in dispute is whether Mr. Fogus' claim sounds in contract or in tort. If the claim sounds only in tort, it is barred by the statute of limitations. Southern States argues that this claim is based on property damage, and claims involving property damage are classified as tort claims under West Virginia law. Mr. Fogus argues that property damage resulting from a breach of contract sounds in contract, or in both tort and contract. Because this is a motion to dismiss, the proper inquiry is whether the Plaintiff has alleged sufficient facts to make a contract claim plausible.

Under West Virginia law, the statute of limitations for a tort claim is two years. W. VA. CODE § 55-2-12. The relevant statute of limitations for contract claims is five years. W. VA. CODE § 55-2-6. West Virginia courts have struggled to create a consistent rule classifying certain cases that have some elements of both tort and contract. As a general rule, when a complaint could be construed as either sounding in tort or in contract, it "will be presumed to be on contract whenever the action would be barred by the statute of limitation if construed as being in tort."

Syl. pt. 1, *Casto v. Dupuy*, 515 S.E.2d 364, 365 (W. Va. 1999). However, as Southern States points out, the West Virginia Supreme Court has held that "where a person suffers personal injuries as a result of a defective product and seeks to recover damages for these personal injuries based on a breach of express or implied warranties, the applicable statute of limitations is the two-year provision contained in W.Va.Code, 55-2-12, rather than the four-year provision contained in our U.C.C., W.Va.Code, 46-2-725." *Taylor v. Ford Motor Co.*, 408 S.E.2d 270, 274 (W. Va. 1991).

In arguing that the tort statute of limitation applies to cases involving property damages, Southern States appears to rely on a decision in which the District Court for the Northern District of West Virginia summarized the holdings in *Taylor* by stating that "where a plaintiff alleges that a defendant's conduct caused physical harm to persons or property, damages are controlled by the common law of torts and a two-year limitation period from § 55-2-12 applies." *Thomas v. Branch Banking & Trust Co.*, 443 F. Supp. 2d 806, 813 (N. D. W. Va. 2006). However, to put that statement in context, the court had previously noted that "[w]here a plaintiff's damages must be calculated by making reference to the terms of a contract with the defendant, or where they relate to economic losses suffered as a result of a breach, the [contract] limitation provisions…apply." *Id.* Furthermore, in *Taylor*, the West Virginia Supreme Court focused only on actions based on personal injury, particularly involving "a sudden calamitous event." *Taylor*, 408 S.E.2d at 273. That court emphasized "the conceptual difference between tortious injuries and those arising from economic losses to property…" *Id.* at 272.

Further guidance is provided by other cases involving property damage resulting from contractual breaches. In a case alleging property damage and personal injury resulting from a

7

company's failure to supply adequate residential water services, the state supreme court stated that "the plaintiff may, at his option, maintain an action…for breach of contract, or an action…for breach of duty, where the defendant negligently fails to comply with the terms of his contract." *Carter v. Willis*, 117 S.E.2d 594, 597 (W. Va. 1960). That court later held that a case alleging damage to a mine and mine equipment caused by a power company's wrongful termination of its services was properly brought as a breach of contract claim. *Cochran v. Appalachian Power Co.*, 162 W. Va. 86, 92, 246 S.E.2d 624, 627 (W. Va. 1978) (the first case to state the principle that "[a] complaint that could be construed as being either in tort or on contract will be presumed to be on contract whenever the action would be barred by the statute of limitation if construed as being in tort"). The West Virginia Supreme Court again held that the plaintiffs had properly alleged a breach of contract claim against their mortgage company and a home inspection company for damages when structural problems with the foundation were later discovered in the home they purchased. *Casto v. Dupuy*, 515 S.E.2d 364, 367-68 (W. Va. 1999) (finding factual questions as to whether the plaintiffs were in privity with the inspection company, which was hired by the mortgage company, and whether there was an oral contract between the plaintiffs and the mortgage company). As in the present action, there was no written contract in *Casto*, and the court applied § 55-2-6 for a five year statute of limitations. *Id.* More recently, the District Court for the Southern District of West Virginia held that claims for breach of implied warranty of merchantability and breach of implied warranty of fitness should be treated as contract actions, where the plaintiff alleged that a leaky and moldy mobile home was defective and was repaired negligently. *Beattie v. Skyline Corp.*, 906 F. Supp. 2d 528, 539 (S. D. W. Va. 2012) (Chambers, J.) (finding that *Taylor* implicated only personal injury actions).

8

The case law simply does not support Southern States' broad contention that all claims involving damage to property fall under the two-year statute of limitations for tort. As Mr. Fogus points out, "property damage is often a direct result of breach of contract." (Pl.'s Resp. ¶ 2, Document 6.) Mr. Fogus is not bringing a personal injury action particularly suited to tort law. Though Southern States, relying on case law involving legal malpractice, asserts that "the duty allegedly breached was one imposed by law," Southern States owed Mr. Fogus no duty prior to the alleged contract. (Def.'s Mem., 5, Document 5.) The damages Mr. Fogus claims all arose from the alleged breach of contract. As the Court understands Mr. Fogus's allegations, he claims to have contracted with Southern States for pesticide spraying for the purpose of protecting his crops. Due to some alleged fault of either the products or methods used by Southern States, his crops did not receive the protection for which he contracted. As a result of this alleged breach, and as any provider of similar services would have foreseen, he suffered crop losses and was forced to buy replacement feed. These are not the types of allegations traditionally governed by tort law, nor are they unsuited to contract law.

In the cases discussed above, claims for property damage resulting from a breach of contract or a breach of an implied warranty – which demands some form of contract – were governed by contract law, and courts applied the applicable statutes of limitation from contract law. Similarly, Mr. Fogus' allegations implicate contract law and are governed by the five-year statute of limitations provided in West Virginia Code § 55-2-6. If, following discovery, the Plaintiff fails to demonstrate that Southern States breached a valid contract, any facts supporting a tort cause of action will, of course, be irrelevant due to the statute of limitations. At this stage, however, the Plaintiff's factual allegations are accepted as true, and all inferences are to be taken in

favor of the Plaintiff. While the Plaintiff's claim is somewhat thin on factual allegations, the allegations are sufficient to state a plausible breach of contract claim. Accordingly, the Defendant's motion to dismiss should be denied.

## V. CONCLUSION

Wherefore, after careful consideration and for the reasons stated herein, the Court does hereby **ORDER** that Defendant *Southern States Cooperative Incorporated's Motion to Dismiss* (Document 4) be **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: December 4, 2013

*/s/ Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA