IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

J. MICHAEL FOGUS,

        Plaintiff,

v.                                       CIVIL ACTION NO.   5:13-cv-22061

SOUTHERN STATES COOPERATIVE,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Southern States Cooperative Incorporated's Motion for Summary Judgment on Damages* (Document 18) and *Memorandum in Support* (Document 19), *Southern States Cooperative Incorporated's Amended Motion to Strike Plaintiff's Late Response to Defendant's Request for Admission* (Document 23) and *Memorandum in Support* (Document 24), the *Plaintiff's Response to Southern States Cooperative's Motion for Summary Judgment* (Document 25) and *Memorandum in Support* (Document 26), and *Southern States Cooperative Incorporated's Reply in Support of Its Motion for Summary Judgment on Damages and Supplemental Memorandum in Support of Its Motion to Strike Plaintiff's Late Response to Defendant's Request for Admission* (Document 27).

        **I.**        **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Plaintiff, J. Michael Fogus, filed this action in the Circuit Court of Greenbrier County, West Virginia, on July 22, 2013, and the Defendant, Southern States Cooperative (Southern States), removed the case to federal court on August 20, 2013.  Mr. Fogus, a dairy farmer in

Greenbrier County, West Virginia, alleges that he entered into an oral contract with Southern States in the Spring of 2009 for insecticide spraying services of his corn crops, which provided feed for his dairy herd. (Compl. ¶¶ 1, 3, 6.) Mr. Fogus contends that "the spraying by Defendant was either improperly conducted or inferior/incorrect or defective products were used by Defendants and/or its agents when conducting the spraying," and as a result, his 2009 corn crop failed. (Compl. ¶¶ 8–9.)

Southern States filed a motion for summary judgment on damages on January 24, 2014, asserting that the Plaintiff had failed to timely respond to its discovery requests served on December 13, 2013. Those discovery requests included a request for admission that read "Please admit that your damages are limited to the cost of replacing your 2009 corn crop which allegedly failed as set out in your Complaint." (Def.'s Mot. Sum. J., ¶ 2.) Southern States attached an email sent to Plaintiff's counsel on January 20, 2014, "follow[ing] up…regarding the discovery…served back on the 13th of December." (*Id.*, Ex. A.) (Document 18-1.) Mr. Fogus served responses to the discovery requests, including a response denying the request for admission at issue, on February 14, 2014, some sixty-two (62) days after the request for admission was served. Later that same day, Southern States filed its *Motion to Exclude* Mr. Fogus' late response (Document 18), followed on February 17, 2014, by an amended motion to strike the late response. On February 20, 2014, Mr. Fogus filed a response in opposition to Southern States' motion for summary judgment. Later that same day, Southern States filed a reply to Mr. Fogus' response. Mr. Fogus did not seek leave of the Court to file an out-of-time response to either the request for admission or the motion for summary judgment, except to the extent he requested such relief in his response to the motion for summary judgment.

## II. DISCUSSION

Though Mr. Fogus' response to Southern States' motion for summary judgment was filed late, the Court will consider the arguments presented therein in the interests of providing a complete explanation for its decision. Mr. Fogus contends that his response was timely filed pursuant to Rule 6 of the Federal Rules of Civil Procedure.[1] Rule 7.1(a)(7) of the Local Rules of Civil Procedure for the Southern District of West Virginia, and this Court's *Scheduling Order* (Document 10), provide that responses must be filed and served within fourteen (14) days of service of a motion. Allowing for an additional three days pursuant to Rule 6(d) of the Federal Rules of Civil Procedure, Mr. Fogus' response was due by Monday, February 10, 2014. The Court is unaware of any method of calculation that would make a response, filed some twenty-six (26) days after the motion, timely when a response is due within fourteen (14) days. Even if Mr. Fogus was correct that, due to the Courthouse closure for inclement weather, followed by a holiday weekend, his response was due on February 18, 2014, it was filed on February 20, 2014.

Southern States asserts that its request for admission must be deemed admitted because no response was filed within thirty days as required by Rule 36(a)(3).[2] Therefore, Southern States contends, it has been admitted and conclusively established that the Plaintiff's damages are limited to the cost of replacing his 2009 corn crop. Southern States further moves the Court to strike the Plaintiff's month late response to the request for admission, served without seeking or receiving

---

[1] The Court notes that the Plaintiff also filed a late Response to a motion to dismiss in this matter. (Document 6.) The motion to dismiss was filed on August 26, 2013, and the Plaintiff's response was filed twenty-five (25) days later, on September 20, 2013. The Defendant did not object, and the Court noted the lateness, but considered the response. (*See* Mem. Op. & Order, note 1) (Document 15.) The footnote in the Court's memorandum opinion and order in the motion to dismiss, noting the lateness, should have given Plaintiff's counsel notice that his method of calculating dates left something to be desired.

[2] Rule 36(a)(3) provides in relevant part: "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Rule 36(b) states that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36.

leave of the Court. Mr. Fogus, without attempting to show good cause or excusable neglect, responds that the Court may either grant a longer time to respond or permit the Plaintiff to withdraw its admission. He argues that permitting his belated response to the request for admission would promote resolution on the merits and would not prejudice Southern States. In the alternative, he asserts that Southern States' request for admission is ambiguous and could be read to include Mr. Fogus' claims for replacement feed and other damages. Southern States replies that it would be prejudiced by having to expend time, money, and resources in conducting discovery on damages if the Court permitted a withdrawal of the admission limiting damages to the cost of replacing Mr. Fogus' 2009 corn crop. Southern States further asserts that its request for admission is not ambiguous or subject to multiple interpretations on a plain reading.

    *A. Rule 36(b)*

Rule 36(b) of the Federal Rules of Civil Procedure provides that "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed R. Civ. P. 36(b); *see also Bailey v. Christian Broad. Network*, 483 F. App'x 808, 809-10 (4th Cir. 2012) (unpublished) (briefly discussing Rules 36(a)–(b)). District courts must consider the two prongs of Rule 36(b), but the decision of whether to permit withdrawal or amendment of an admission is discretionary. *Bailey*, 483 F.App'x at 810 (remanding for consideration of the discretionary Rule 36(b) factors where the lower court appeared to conclude that it was bound by Rule 36(a) and could not permit withdrawal or amendment of an admission).

Both parties in this case cite *Metpath, Inc. v. Modern Medicine*, which appears to have a strikingly similar procedural history. 934 F.2d 319 (4th Cir. 1991) (unpublished). As in the

present case, one party (in that case, Plaintiff Metpath) served requests for admission, did not receive a response, informally contacted the other party, and finally filed a motion for summary judgment based on the admissions. *Id.* at *1. Some weeks thereafter, Modern Medicine responded to the request for admission, and MetPath moved to strike. *Id.* Modern Medicine, like Mr. Fogus, only then sought leave to file out-of-time responses to the requests for admission. *Id.* Modern Medicine, unlike Mr. Fogus, attempted to explain its untimeliness, arguing that the volume of records involved required additional time. *Id.* However, the district court found that excuse unconvincing, given the failure to seek additional time prior to the passage of the deadline. *Id.* In considering the Rule 36(b) test, the court found that the expenses related to conducting discovery on the admitted matters constituted prejudice and denied Modern Medicine's motion to withdraw the admissions-by-default. *Id.* at *3. The Fourth Circuit agreed, explaining that "[t]he prejudice suffered by MetPath, though not great, was sufficient to support the district court's rejection of Modern Medicine's untimely response to the request for admissions." *Id.*

As in *MetPath*, Mr. Fogus' "efforts to comply with Rule 36 were minimal at best." *Id.* Mr. Fogus protests that "as Defendant indicated in the email attached as Exhibit A to its Memorandum in Support of Its Motion for Summary Judgment, while defendant did inquire about responses to discovery, Defendant did not give any notice that failure to respond would result in Defendant filing a Motion for Summary Judgment in less than a week." (Pl.'s Resp. Mem. at 6.) He further argues that "[o]nly one month passed before Plaintiff responded after the deadline to respond." (*Id.* at 5–6.) Mr. Fogus did not seek an extension before the deadline passed, apparently did not respond to Southern States' informal inquiry regarding the discovery requests sent soon after the deadline, did not submit a timely response to the motion for summary judgment, and did not seek leave of the Court to file an untimely response, either to the discovery requests or

to the motion for summary judgment. Mr. Fogus makes no attempt to provide any reason whatsoever for his failure to respond to the discovery requests until a full month beyond the deadline. Deadlines would become utterly meaningless if parties were permitted to file responses to discovery requests so long as there remained time for discovery prior to trial and the responses would contribute to resolution on the merits. The preference for resolution on the merits does not trump every other rule governing pretrial conduct.

Mr. Fogus argues that Southern States would not be prejudiced if the Court grants him leave to withdraw his admissions because there is still time to conduct discovery on damages. Southern States argues that having to expend time and resources to conduct discovery on damages, rather than continuing to rely on Mr. Fogus' admission, constitutes prejudice. The Court finds that Southern States would be prejudiced by having to conduct discovery on damages, and potentially being exposed to damages for more than the 2009 corn crop. Thus, the Rule 36(b) test does not support permitting Mr. Fogus to withdraw his admissions. Southern States' related amended motion to strike Mr. Fogus' belated response to the request for admission must also be granted.

### B. *Ambiguity of Request for Admission*

Mr. Fogus argues in the alternative that even if not permitted to withdraw his admission, the request for admission should be read as "requesting an admission of the claims in Plaintiff's Complaint" rather than limiting damages to the cost of replacing his 2009 corn crop. The request for admission reads: "Please admit that your damages are limited to the cost of replacing your 2009 corn crop which allegedly failed as set out in your Complaint." (*See, e.g.*, Pl.'s Resp. Mem. at 7; Mot. Sum. J. Ex. A, p. 7.) Mr. Fogus argues that the request for admission could be read as "Please admit that your damages are limited to the cost of replacing your 2009 corn crop[,] which

allegedly failed[,] as set out in your Complaint," which he reads as requesting an admission that "he is seeking damages related to his 2009 corn crop as he set out in his Complaint." (Pl.'s Resp. Mem. at 7.) The Court finds the request for admission to be clear and unambiguous. The Plaintiff's attempt to strategically add commas to read all damages mentioned in the complaint into the request for admission is creative, but not persuasive.

### III. CONCLUSION

Following careful consideration, for the reasons set forth herein, the Court hereby **ORDERS** that *Southern States Cooperative Incorporated's Motion for Summary Judgment on Damages* (Document 18) be **GRANTED** and **FINDS** that the request for admission is deemed admitted and damages shall be limited to the cost of replacing Mr. Fogus' 2009 corn crop. The Court further **ORDERS** that *Southern States Cooperative Incorporated's Amended Motion to Strike Plaintiff's Late Response to Defendant's Request for Admission* (Document 23) be **GRANTED** and that the Plaintiff's response to the request for admission be **STRICKEN.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: March 10, 2014

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA